UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LIZBETH CHAMORRO CORONEL,

                    Plaintiff,                  **DECISION AND ORDER**

       -against-                  21-cv-9329 (AEK)

HUDSON ANCHOR SEAFOOD RESTAURANT
and GARY SERINA,

                    Defendants.
------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

      Plaintiff Lizbeth Chamorro Coronel commenced this action on November 11, 2021, asserting claims against Defendants Hudson Anchor Seafood Restaurant and Gary Serina for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") based on the failure to pay the minimum wage, to pay overtime wages, to pay wages weekly, and to provide a wage notice and wage statements, as well as claims for sexual harassment and battery. ECF No. 1. Before the Court is the parties' application for approval of a settlement agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). ECF No. 26 ("*Cheeks* Mot."). For the reasons that follow, the Court APPROVES the material terms of the settlement agreement, but as set forth below, the settlement agreement must be modified in several respects before a stipulation of dismissal can be signed by the Court.

---

[1] The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 21.

## DISCUSSION

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020). Thus, a district court in this Circuit must review a proposed FLSA settlement and determine whether it is fair and reasonable. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-cv-7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021). When reviewing a proposed settlement agreement in an FLSA case, district courts consider the "totality of circumstances," *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), to assess whether the agreement is fair and reasonable, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (quoting *Wolinsky*, 900 F. Supp. 2d at 335). In addition, the following factors "weigh against approving a settlement":

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (quotation marks omitted). "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St. Marks,*

2

*Inc.*, No. 14-cv-9063, No. 15-cv-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quotation marks omitted).

Having reviewed the parties' submissions in support of the proposed settlement, and having considered the totality of the circumstances, the Court finds that the parties' settlement agreement is fair and reasonable.

All five *Wolinsky* factors weigh in favor of approval. First, the settlement agreement provides for a total settlement payment of $10,000, with $6,111.67 payable to Plaintiff and $3,888.33 payable to Plaintiff's counsel as attorneys' fees and costs. According to Plaintiff, her best possible recovery at trial on her wage-and-hour claims would be $10,807.54 for total unpaid wages and $10,807.54 for liquidated damages. *See* ECF No. 26-2.[2] The amount payable to Plaintiff in the proposed settlement constitutes approximately 28 percent of the total amount to which Plaintiff claims she would have been entitled had she prevailed at trial, and approximately 57 percent of her total alleged unpaid minimum wage, overtime, and spread-of-hours damages. These percentages are in line with recovery amounts in other FLSA cases in this District where courts have approved settlement terms. *See, e.g.*, *Santos v. YMY Mgmt. Corp.*, No. 20-cv-1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement where plaintiff's recovery was "approximately 18% of Plaintiff's total alleged damages and approximately 39% of his total alleged minimum wage and overtime owed," and noting that "[c]ourts in this District routinely award settlement amounts within this range.") (collecting cases).

---

[2] The proposed settlement agreement resolves only Plaintiff's FLSA and NYLL claims. *See* ECF No. 26-1. The parties have entered into a separate agreement with respect to Plaintiff's sexual harassment claims. *See Cheeks* Mot. at 5. Such bifurcated settlements are generally permissible. *See, e.g.*, *Cronk*, 2021 WL 38264, at *6 (citing cases).

3

Second, the settlement will enable the parties to avoid significant additional expenses and burdens associated with establishing their claims and defenses. Indeed, not long after the initial case management conference, the parties informed the Court that they had settled the case. Settling the case now will allow the parties to avoid the costs, in both time and money, of proceeding through the completion of discovery and potential motion practice prior to trial.

Third, Plaintiff in particular would have faced significant litigation risks if this case had proceeded to trial. Defendants kept detailed time records on their business computer, and they deny Plaintiff's claims and maintain that she was properly compensated for all hours worked. It is certainly possible that Plaintiff could recover nothing at all if she were to proceed to trial. Because of the anticipated risks and costs involved in pursuing this matter through discovery and trial, settlement is an effective means of resolving the litigation for all parties.

With respect to the fourth and fifth *Wolinsky* factors, the Court has no reason to believe that the proposed settlement is anything other than the product of arm's-length bargaining between experienced counsel and no reason to believe that the proposed settlement is the product of fraud or collusion.

Moreover, none of the factors set forth in *Wolinsky* that weigh against approving a settlement exist in this case. This is a case involving an individual Plaintiff—the Court is not aware of other employees who are similarly situated to Plaintiff, and Plaintiff will be the only employee affected by the settlement and dismissal of the lawsuit. Given that the employment relationship between Plaintiff and Defendants has ended, there is no likelihood that the circumstances that gave rise to this lawsuit will recur. The Court is not aware of a history of FLSA non-compliance by this employer, and the complaint in this matter does not appear to raise novel factual or legal issues that would further the development of law in this area.

The proposed settlement agreement also does not contain any problematic provisions that would preclude court approval. There are no confidentiality or non-disparagement provisions in the proposed agreement that would preclude court approval. *See Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016). The settlement agreement also contains a release that is appropriately limited to the wage and hour claims asserted in this action and related claims that could have been asserted. *See, e.g., Illescas v. Four Green Fields LLC*, No. 20-cv-9426 (RA), 2021 WL 1254252, at *1 (S.D.N.Y. Apr. 5, 2021). One portion of the release paragraph of the proposed settlement agreement could, at first glance, be read as an overbroad release, inasmuch as it describes Plaintiff's release as including "wage and hour actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which [s]he may have against Releasees as of the date of execution of this Agreement . . . ." ECF No. 26-1 at 2 ¶ 3. But this language must be understood in context with the entire proposed settlement agreement, which begins with a statement that the parties "desire to settle and resolve fully *all wage and hour claims* that have been or could have been brought against Defendants by Plaintiff, *and have reached a compromise settlement agreement to dispose of all such claims* . . . ." *Id.* at 1 (emphases added). Accordingly, though it could be subject to multiple grammatical interpretations, it is apparent to the Court that the phrase "wage and hour" at the beginning of the above-quoted portion of paragraph 3 of the proposed settlement agreement acts as a modifier of every successive noun in that sentence, and not just as a modifier of "actions." In other words, the release pertains to any wage and hour actions, any wage and hour causes of action, any wage and hour suits, any wage and hour debts, and so on—the

5

inclusion of the other nouns in that sentence must not be read to expand the scope of the release provision beyond any potential wage and hour claims.

With respect to attorneys' fees and costs, the proposed settlement provides for Plaintiff's counsel to receive $3,338.33 in fees—approximately one-third of the total settlement amount—and $550 in costs, for a total of $3,888.33.  *See* ECF No. 26-1 at 1-2 ¶ 1.b.; *Cheeks* Mot. at 4.[3] "Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Santos*, 2021 WL 431451, at *2 (quotation marks and brackets omitted).[4] "However, even when the proposed fees do not exceed one third of the total settlement amount, courts in this Circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees."  *Id.* (quotation marks omitted).  Appropriately, Plaintiff's counsel has submitted contemporaneous time records and hourly rate information to substantiate the fee application. *See Fisher*, 948 F.3d at 600 ("The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs.").

Applying the lodestar method, Plaintiff's representatives claim to have spent a total of 23.29 hours on this case, which would have yielded a total lodestar fee of $6,596.25.  *See* ECF

---

[3] The application for *Cheeks* approval incorrectly states that counsel is receiving a total of $3,88**3**.33.

[4] One third of the $10,000 settlement amount is $3,333.33, $5 less than the proposed amount of fees here.  But "when awarding fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement *net* of costs."  *Beckert v. Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) (citation omitted) (emphasis in original).  As explained *infra*, Plaintiff's counsel has substantiated only $402 in costs.  Thus, in this case, one-third of the total settlement fund net of costs is $3,199.33 ($10,000 - $402 = $9,598; $9,598 ÷ 3 = $3,199.33).  The difference between the parties' proposed award of fees and costs ($3,888.33) and the amount of the award calculated based on the total settlement net of costs—$3,601.33 ($3,199.33 + $402)—is negligible (just $287).  It therefore does not alter the Court's analysis.

No. 26-3.[5]  Jordan El-Hag, an attorney with 9 years of experience practicing labor and employment law, spent 13.18 hours, at an hourly rate of $400; Nathaly Heraldez, a paralegal, spent 7.86 hours, at an hourly rate of $125 (except for 0.17 hours billed at an hourly rate of $150); and Alba Palacios, a paralegal, spent 2.25 hours, at an hourly rate of $150.[6]  The proposed attorneys' fee ($3,338.33) represents approximately 51 percent of the lodestar amount ($6,596.25), which is fair and reasonable given the facts and circumstances of this case.  *See Gervacio v. ARJ Laundry Servs. Inc.,* No. 17-cv-9632 (AJN), 2019 WL 330631, at *3 (S.D.N.Y. Jan. 25, 2019) ("The true lodestar amount is therefore greater than the fee award contained in the settlement agreement.  As a result, the Court does not disturb the calculation of attorneys' fees . . . .").

In addition, Plaintiff's counsel seeks to recover costs of $550—$400 for the court filing fee and $150 for service of process, *see Cheeks* Mot. at 4—but he has provided no documentation of these costs, other than listing them in his billing records.  *See* ECF No. 26-3.  Counsel in FLSA cases may be awarded reasonable out-of-pocket expenses that are properly substantiated.  *See, e.g., Cortes*, 2016 WL 3455383, at *6 ("Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts.  A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient.") (citations omitted).  Here,

---

[5] Although Plaintiff's counsel's billing records state that a total of 24.54 hours was spent on this case, that includes 1.25 hours spent by an individual named Sian Ricketts, who is not identified and whose role is not discussed in the application for *Cheeks* approval.  Accordingly, the Court excludes this time from its analysis.

[6] Because the Court finds the requested fees to be reasonable, it does not address whether the rates and number of hours expended on this case, as reflected in Plaintiff's counsel's billing records, are themselves reasonable.

7

the court filing fee of $402 is reflected on the docket, and thus is sufficiently substantiated.[7] However, there is no extrinsic proof of the process serving fee of $150.  Nonetheless, given that Plaintiff's counsel's requested total award of $3,888.33 is still well below the lodestar amount, the Court finds that even excluding the $150 in costs, the requested award of fees and costs is fair and reasonable.

## CONCLUSION

For the reasons set forth above, the Court finds the proposed settlement to be fair and reasonable, and the material terms of the settlement agreement as filed at ECF No. 26-1 are hereby APPROVED.

Plaintiff will receive a total of $10,000, with $6,111.67 payable to Plaintiff and $3,888.33 payable to Plaintiff's counsel as attorneys' fees and costs.

Before the Court can fully approve the settlement agreement, however, certain modifications must be made:

(i) The proposed settlement agreement as filed at ECF No. 26-1 is not signed by Plaintiff.

(ii) The proposed settlement agreement purports to include a "Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims," fully executed by the parties and their counsel, attached as Exhibit A thereto, but no such stipulation has been submitted to the Court.

(iii) Paragraph 6 of the proposed settlement agreement states that the agreement "shall be governed and conformed in accordance with the laws of the Federal Laws state of New York without regard to its conflicts of law provisions."  It appears to the

---

[7] Although both the docket and the billing records reflect a $402 court filing fee, the application for *Cheeks* approval states that the settlement agreement provides for an award based on a filing fee of $400.  In addition, the billing records list a $600 mediation fee, but Plaintiff's counsel has not included that in his tally of recoverable costs.  These discrepancies do not impact the Court's finding that the overall award of attorneys' fees and costs to Plaintiff's counsel is fair and reasonable.

> Court that the phrase "Federal Laws" should be deleted from this sentence to avoid confusion, or else other appropriate clarifying language should be added.
>
> (iv) The parties are hereby directed to submit a revised and fully executed copy of the settlement agreement, as well as the stipulation and order of final dismissal with prejudice, for review and approval, **by no later than November 7, 2022**.

Dated: October 26, 2022
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge